IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

MARY LaROCHELLE, SANDRA RIKER,　　　　:
EMILIA SHEARER, CANDICE GALBREATH,　　:
AND NICOLE VASQUEZ　　　　　　　　　　:
　　　　　　Plaintiffs,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:　CIVIL ACTION NO:
　　v.　　　　　　　　　　　　　　　　　:　12-CV-05567
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
WILMAC CORPORATION, WILMAC  HEALTH　　:
CARE, INC., MCWIL GROUP LIMITED, AND　:
LANCASHIRE HALL,　　　　　　　　　　　:
　　　　　　Defendants.　　　　　　　　 :

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

**INTRODUCTION:**

1.　　　This action is brought by Mary LaRochelle, Sandra Riker, Emilia Shearer,

Candice Galbreath and Nicole Vasquez to redress their deprivation of rights and

protections under the Civil Rights Act of 1866; Section 1981(Section 1981) and Title VII

of the Civil Rights Act of 1964 as amended (Title VII), and under Age Discrimination in

Employment Act as amended (ADEA) and Americans with Disabilities Act (ADA) and

under the Pennsylvania Human Relations Act (PHRA) and for claims of wrongful

discharge.  In support of these claims, Plaintiffs allege:

**JURISDICTION AND VENUE**:

2.　　　Original jurisdiction founded on the existence of questions arising under

particular statutes.   The action arises under the Civil Rights Act of 1866; Section 1981

and Title VII of the Civil Rights Act of 1964 as amended and under the Age

Discrimination in Employment Act and Americans with Disabilities Act.

3.     Jurisdiction founded upon principles of pendent jurisdiction under 28 U.S.C. section 1367 that authorizes the court to supplemental jurisdiction over any claims against parties that are part of the same controversy as the claim that provides the basis for the court's original jurisdiction.

4.     Defendants are an employer with more than five hundred (500) employees.

5.     The matter in controversy exceeds, exclusive of interests and costs the sum of one hundred thousand dollars.

6.     The unlawful practices and harm complained of occurred in Lancaster County in the Commonwealth of Pennsylvania where Defendants conducted business at Lancashire Hall and the plaintiffs performed services as employees at Lancashire Hall. Venue therefore lies in the Eastern District of Pennsylvania.

**PARTIES:**

7.     Plaintiff Mary LaRochelle resides in Lancaster County in the Commonwealth of Pennsylvania.  At all times relevant, Plaintiff Mary LaRochelle performed services for and on behalf of Defendants.  Defendants employed Plaintiff as a Certified Nurse Assistant (CNA) working at Lancashire Hall, Lancaster County, Pennsylvania.

8.     Plaintiff Sandra Riker resides in Lancaster County in the Commonwealth of Pennsylvania.  At all times relevant, Plaintiff Sandra Riker performed services for and on behalf of Defendants.  Defendants employed Plaintiff as a Certified Nurse Assistant (CNA) working at Lancashire Hall, Lancaster County, Pennsylvania.

9. Plaintiff Emilia Shearer resides in Lancaster County in the Commonwealth of Pennsylvania. At all times relevant, Plaintiff Emilia Shearer performed services for and on behalf of Defendants. Defendants employed Plaintiff as a Certified Nurse Assistant (CNA) working at Lancashire Hall, Lancaster County, Pennsylvania.

10. Plaintiff Candice Galbreath resides in Lancaster County in the Commonwealth of Pennsylvania. At all times relevant, Plaintiff Candice Galbreath performed services for and on behalf of Defendants. Defendants employed Plaintiff as a Certified Nurse Assistant (CNA) working at Lancashire Hall, Lancaster County, Pennsylvania.

11. Plaintiff Nicole Vasquez resides in Lancaster County in the Commonwealth of Pennsylvania. At all times relevant, Plaintiff Nicole Vasquez performed services for and on behalf of Defendants. Defendants employ Plaintiff as a Certified Nurse Assistant (CNA) working at Lancashire Hall, Lancaster County, Pennsylvania.

12. Defendant Lancashire Hall is a nursing facility located in Lancaster County in the Commonwealth of Pennsylvania where the Plaintiffs were employed as a Certified Nurse Assistants (CNAs).

13. Defendants WILMAC Corporation, WILMAC Health Care, Inc. and McWil Group Limited own, operate and manage Lancashire Hall the nursing facility where the Plaintiffs were employed. Defendant WILMAC Corporation and WILMAC Health Care Inc. and McWil Group Limited's corporate and business offices are located

in York, Pennsylvania.  Lancashire Hall the place of harm is located in Lancaster, Pennsylvania.

14.     Defendants acted by and through all management, staff, directors, officers, supervisors, employees, charge nurses, Human Resources Directors and all other agents acting on behalf of the separate and joint defendants.

## PLAINTIFFS' COMMON CLAIMS AGAINST EMPLOYER DEFENDANTS:

15.     Defendants hired the named plaintiffs to work as Certified Nurse Assistants at Lancashire Hall located in Lititz, Lancaster County, Pennsylvania. Lancashire Hall is owned, operated, and managed by Defendants Wilmac Corporation, Wilmac Health Care, Inc. and McWil Group Limited.

16.     The named plaintiffs were subjected to sexual harassment from male co-workers and male supervisors including co-worker Teddy Bernard and Charge Nurse Barren Geib.

17.     Pursuant to Company Policy and Procedure, the named plaintiffs reported the sexual harassment to the defendants.  The defendants failed to take effective remedial action and the sexual harassment was tolerated.

18.     The named plaintiffs reported patient abuse, hazards and unsafe conditions for the patients at Lancashire Hall.

19.     Pursuant to Company Policy and Procedure, the named plaintiffs reported discrimination, disparate treatment and hostile work environment to Defendants on the basis of race, age, sex, nationality and ethnicity including but not limited to racist name-calling "Nigger", derogatory sexist jokes, assault, lewd behavior and unwelcomed solicitations, and age-related harassment "too old" "why don't you retire".

20.     The named plaintiffs reported disabilities and disabling work conditions resulting in workers' compensation claims and requested accommodation.

21.     Defendants retaliated against the named plaintiffs for reporting discrimination, sexual harassment, patient abuse, unsafe conditions for patients, for reporting disabilities and disabling work injuries and accommodation and requesting medical leave to care for ill spouse.

22.     Defendants subjected the named plaintiffs to disparate treatment, harassment on the basis of sex, age, nationality and race, retaliation and hostile work conditions that were intolerable and interfered with their ability to perform their jobs. Defendants perpetuated a pattern and practice of discrimination and retaliation.

**CLAIMS PLAINTIFF MARY LaROCHELLE:**

23.     Plaintiff LaRochelle is a Race Black, African American female over the age of forty (40) years.  She was born in 1969.

24.     On or about June 14, 2010, the defendants hired Plaintiff LaRochelle as a Certified Nurse Assistant working at Lancashire Hall located in Lititz, Lancaster County, Pennsylvania.  Plaintiff LaRochelle was employed by the named defendants that owned, operated and managed Lancashire Hall.

25.     Plaintiff LaRochelle was a qualified, dedicated and hard-working employee.

26.     Plaintiff LaRochelle was referred to as the "House Nigger".

27.     On October 1, 2010, Defendants wrongfully discharged the plaintiff informing her that her services were no longer needed and October 2, 2010, allegedly discharged her for failing to call off work on October 1, 2010 "no call, no show".

5

28.     The reasons for the discharge were a pretext for discrimination and in retaliation for reporting discrimination and sexual harassment and patient abuse.

29.     Defendants subjected Plaintiff LaRochelle to a hostile work environment, harassment and discrimination on the basis of her gender, race, color and age.

      a.     Co-worker Theodore (aka Teddy) Bernard would grope the plaintiff at her hips telling her "come on now, you know you're my girl".

      b.     Co-worker Bernard refused to stop or curtail his conduct despite Plaintiff's repeated requests for him to stop.

      c.     Plaintiff repeatedly informed her superiors that she was subjected to sexual harassment by Bernard.

      d.     The superiors ignored the complaints and failed to take effective remedial action.  Defendants failed to enforce their published harassment policies.

      e.     Bernard learned of the plaintiff's complaints against him that only intensified his actions toward her.  He warned the plaintiff to stop complaining against him and that   "you fucking **old** nurses need to quit, you take everything so seriously".

      f.     Superior nurse known as Tara, tolerated Bernard's harassment towards the plaintiff and repeated the ageist remark to the plaintiff and in reference to the plaintiff "he's right, these old nurses need to retire."

      g.     Plaintiff was publicly referred to as the "House Nigger".

30.     On or about September 22, 2010, Plaintiff LaRochelle reported Bernard's continued harassing conduct to the Administrator of the facility.  No investigation and remedial action was taken.

31.     Bernard did not stop or curtail his conduct that continued until September 29, 2010, the last day that the plaintiff worked.

32.     Bernard had a demonstrated pattern and practice of sexually harassing female co-workers and making derogatory age-related demeaning and harassing comments.

33.     Defendants were aware of Bernard's conduct, tolerated his harassing and assaulting behavior and failed to pursue corrective and effective remedial action.

34.     Defendants tolerated race discrimination and sexual harassment in the work place by male employees including but not limited to Teddy Bernard.

35.     Defendants tolerated race discrimination and no remedial action was taken in response to Plaintiff LaRochelle's complaints that she was known and referred to as the "House Nigger" that continued until her wrongful termination.

36.     Defendants discouraged Plaintiff LaRochelle's complaints against Bernard intimidating her with warnings that she would suffer repercussions and retaliation if she proceeded forward with complaints against Bernard.

37.     On September 29, 2010, Plaintiff LaRochelle reported to the Director of Nursing Bernard's harassment to the plaintiff and misconduct/abuse towards a patient. Plaintiff LaRochelle reported that Bernard had pushed her and threatened her after she observed him give alcohol to a patient and informed him that she shall report the alcohol activity to management.

a.     Bernard pushed Plaintiff LaRochelle up against the door and threatened her "I got Joann fired a few days ago because she had gotten in my way, and it won't be long before I get you fired too", "Stay out of my way if you know what's good for you."

38.     On September 30, 2010, Plaintiff LaRochelle presented the Defendants with a written complaint that the Director of Nursing tore up.

39.     On or about October 1, 2010, the Director of Nursing informed Plaintiff LaRochelle that her services were no longer needed and she was released from employment at Lancashire Hall.

40.     Plaintiff LaRochelle was wrongfully discharged on October 1, 2010 and again on October 2, 2010 for allegedly abandoning employment on October 1, 2010 "no show, no call".

41.     The defendant corporations wrongfully discharged Plaintiff LaRochelle for reporting sexual harassment, discrimination on the basis of race, color, gender and age, and for reporting misconduct of a patient otherwise referred to as patient abuse. Defendants' actions violated public policy.

42.     Defendants discriminated against Plaintiff LaRochelle and treated her differently, disparately, retaliated against her, failed to enforce published harassment and discrimination policies and wrongfully discharged her because of her race, color, sex and/or age and/or in retaliation for reporting sexual harassment, hostile work environment, discrimination and misconduct/abuse of a patient.

43.     The defendants' actions were intentional, willful, reckless, malicious and outrageous.

44.     As a result of the defendants' acts and conduct, Plaintiff LaRochelle suffered harm and losses.

45.     Plaintiff LaRochelle timely filed administrative charges of discrimination and exhausted her administrative remedies under the law.  See EEOC Notice of Rights at Exhibit A.

**CLAIMS PLAINTIFF SANDRA RIKER:**

46.     Plaintiff Riker is a White female over the age of forty (40) years.  She was born in 1964.

47.     On or about May 2009, the defendants hired Plaintiff Riker as a Certified Nurse Assistant working at Lancashire Hall located in Lititz, Lancaster County, Pennsylvania.  Plaintiff Riker was employed by the named defendants that owned, operated and managed Lancashire Hall.

48.     Plaintiff Riker was a qualified, dedicated and hard-working employee.

49.     Plaintiff Riker reported to the defendants that male co-workers sexually harassed, intimidated and abused older women in the workplace and sexually harassed female co-workers.  Plaintiff reported the male harassers to Human Resources Director Tonya Garcia.  Plaintiff reported Titus Leitro, Jim Hernandez, Loi Nguyen as well as Teddy Bernard.

a.     Plaintiff Riker reported that Teddy Bernard sexually harassed her as well as harassing others.  Male co-worker Teddy Bernard subjected Plaintiff Riker to unwelcome touching and publicly degraded her for refusing his advances.

50.     Defendants extended preferential treatment towards male individuals. Defendants tolerated the male sexual harassment in the work place including without limitation sexually charged jokes and comments, solicitation, and unwelcome touching.

51.     Plaintiff Riker was subjected to hateful age-related comments that "old" nurses (like herself) should just retire.

52.     Plaintiff Riker was called a racist for reporting discrimination and sexual harassment in the workplace.

53.     Defendants did not act to effectively remediate, stop or correct the discrimination and harassment.

54.     October 30, 2011, Plaintiff Riker suffered and reported a disabling work injury.  Defendants refused her reasonable accommodation.  Plaintiff's last day worked was January 4, 2012.

55.     Defendants retaliated against Plaintiff Riker for reporting discrimination and reporting a disabling work injury.  She was called a "racist".  She was subjected to punitive drug testing, her work uniform questioned, her performance scrutinized, ridiculed and derogatory and sarcastic public announcement that she was entering the room so everyone should "cross all their t's and dot their I's" because "someone (Plaintiff Riker) was watching."

56.     Plaintiff Riker was subjected to unlawful discrimination, disparate treatment, sexual harassment, hostile work environment, retaliation and wrongful discharge on the basis of her disability, age, sex/gender and in association with co-workers of race, color and ancestry for whom she reported discrimination complaints on their behalf.

57.     The defendant corporations wrongfully discharged Plaintiff Riker for reporting sexual harassment, discrimination on the basis of race, color, gender and age, and for reporting a work injury claim for workers' compensation.  Defendants' actions violated public policy.

58.     Defendants discriminated against Plaintiff Riker and treated her differently, disparately, retaliated against her, failed to enforce published harassment and discrimination policies and wrongfully discharged her because she was disabled, reported a work injury and requested accommodation.

59.     The defendants' actions were intentional, willful, reckless, malicious and outrageous.

60.     Defendants subjected Plaintiff Riker to hostile work environment with intolerable work conditions that interfered with her ability to perform her job.

61.     As a result of the defendants' acts and conduct, Plaintiff Riker suffered harm and losses.

62.     Plaintiff Riker timely filed administrative charges of discrimination and exhausted her administrative remedies under the law.  See EEOC Notice of Rights at Exhibit A.

**CLAIMS PLAINTIFF EMILIA SHEARER:**

63.     Plaintiff Emilia Shearer is a Hungarian Female born in Romania.  She is over the age of forty (40) years, birthday 1960.

64.     Plaintiff Shearer speaks English with a heavy accent.

65.     On or about March 10, 2010, the defendants hired Plaintiff Shearer as a Certified Nurse Assistant working at Lancashire Hall located in Lititz, Lancaster County,

Pennsylvania.  Plaintiff Shearer was employed by the named defendants that owned, operated and managed Lancashire Hall.  Plaintiff Shearer was commonly addressed and known as "Amy".  She worked the third shift from 11:00 p.m. to 7:30 a.m. the following day.

66.    Plaintiff Shearer was a qualified, dedicated and hard-working employee.

67.    Race White Male Charge Nurse Barren Geib subjected Plaintiff Shearer and female employees to obscene sexual gestures with his middle finger and stating "kiss my ass".  Charge Nurse Geib referred to Plaintiff Shearer as "Bitch" and stated to her that if he was her husband that he would have "beat the crap out of you!".

68.    Race White Male Charge Nurse Barren Geib regularly made racist comments about Race Black African American and Hispanic Puerto Ricans.  Charge Nurse Geib stated that "all aliens should be made to return to their countries" including Plaintiff Shearer.  White Charge Nurse Geib instructed fellow Certified Nurse Assistants NOT to assist Plaintiff Shearer.

69.    Defendants subjected the plaintiff to disparate and unequal work conditions because of her age.  Defendants informed Plaintiff Shearer that the "older" and "more mature" aides were needed to care for the harder and heavier residents, regardless that Plaintiff Shearer reported disabilities and work restrictions.  Plaintiff Shearer heard Defendants state that "old nurses should retire".

70.    Plaintiff Shearer reported the inequities, harassment and discrimination that Defendants disregarded, ignored, failed to take effective remedial action and otherwise joined and perpetuated.

71.     September 21, 2011, Plaintiff Shearer requested family medical leave to care for her ill husband.  Plaintiff was involuntarily discharged one (1) week later.  See Certified FMLA at Exhibit C.

72.     On or about October 30, 2010 and on or about July 30, 2011, and on or about September 27, 2011, Plaintiff Shearer reported disabling work injuries that resulted in workers' compensation claims.

73.     Plaintiff performed infection control and acted on a serious health and safety issue with a resident, immediately prior to slipping and falling on the premises, that resulted in the work injury on September 27, 2011.  The work injury was witnessed by Plaintiff Riker and LPN Sarah Hilles.  Plaintiff Shearer reported the work injury and the resident safety/hygiene issue to Defendants.

74.     Plaintiff Shearer's last day worked was September 27, 2011.  Defendants falsely accused Plaintiff Shearer of patient abuse for allegedly "yelling" at the resident performing an unsafe act picking at his soiled undergarments.  Defendants placed her on suspension for three (3) days then discharged her.

        a.     The accusation was untrue.  There are NO substantiated findings of abuse.  See DPH Certificate at Exhibit B.

75.     Plaintiff Shearer was subjected to false accusations, unjust discipline, a pretextual reason for unlawful discrimination, disparate treatment, sexual harassment, hostile work environment, retaliation and wrongful discharge on the basis of her disability, age, sex/gender and in association with co-workers of race, color and ancestry for whom she reported discrimination complaints and in association with her ill husband for whom she requested Family Medical Leave to care for him.

76.     The defendant corporations wrongfully discharged Plaintiff Shearer for reporting sexual harassment, discrimination on the basis of race, color, gender and age, for reporting a work injury claim for workers' compensation, requesting Family Medical Leave and reporting unsafe patient conditions.  Defendants' actions violated public policy.

77.     Defendants discriminated against Plaintiff Shearer and treated her differently, disparately, retaliated against her, failed to enforce published harassment and discrimination policies and wrongfully discharged her because she was disabled, reported a work injury and requested accommodation.

78.     The defendants' actions were intentional, willful, reckless, malicious and outrageous.

79.     Defendants subjected Plaintiff Shearer to hostile work environment with intolerable work conditions that interfered with her ability to perform her job.

80.     As a result of the defendants' acts and conduct, Plaintiff Shearer suffered harm and losses.

81.     Plaintiff Shearer timely filed administrative charges of discrimination and exhausted her administrative remedies under the law.  See EEOC Notice of Rights at Exhibit A.

**CLAIMS PLAINTIFF CANDACE GALBREATH:**

82.     Plaintiff Candace Galbreath is a Race Black, African American female.

83.     On or about April, 2009, the defendants hired Plaintiff Galbreath as a Certified Nurse Assistant working at Lancashire Hall located in Lititz, Lancaster County,

Pennsylvania.  Plaintiff Galbreath was employed by the named defendants that owned, operated and managed Lancashire Hall.

84.     Plaintiff Galbreath was a qualified, dedicated and hard working employee.

85.     Plaintiff Galbreath is disabled with a work related and non-work related medical condition.

      a.     On or about February 2011, Plaintiff informed the defendants that she was disabled and placed on medical leave for approximately three (3) weeks.

86.     Male co-worker Teddy Bernard subjected Plaintiff Galbreath to sexual harassment beginning upon his date of hire 2010.

      a.     Male co-worker Bernard stalked Plaintiff Galbreath.  He continually solicited her for dates and sex.  He violated her personal space and subjected her to unwelcomed touching.

      b.     March 2011, male co-worker Bernard pushed Plaintiff Galbreath into an empty room and threatened her with sexual exposure of his body and lewd sex.

      c.     Co-worker Bernard's sexual harassment and lewd contact was offensive and caused Plaintiff Galbreath to suffer distress, fear, intimidation and aggravated her disability causing her to seek care and treatment.

87.     On or about August 2011, Plaintiff Galbreath suffered and reported a disabling work injury resulting in a workers' compensation claim.  Plaintiff requested accommodation for work restrictions.

88.    Defendants refused to offer the plaintiff reasonable accommodation.

89.    October 2011, Defendants involuntarily separated Plaintiff Galbreath from employment.

90.    Plaintiff Galbreath was subjected to disparate treatment, sexual harassment, hostile work environment, retaliation and wrongful discharge on the basis of her race, disability, sex/gender and in association with co-workers of race, color and ancestry for whom she reported discrimination complaints.

91.    The defendant corporations wrongfully discharged Plaintiff Galbreath for reporting sexual harassment, discrimination on the basis of race and color, for reporting a work injury claim for workers' compensation.  Defendants' actions violated public policy.

92.    Defendants discriminated against Plaintiff Galbreath and treated her differently, disparately, retaliated against her, failed to enforce published harassment and discrimination policies and wrongfully discharged her because she was disabled, reported a work injury and requested accommodation.

93.    The defendants' actions were intentional, willful, reckless, malicious and outrageous.

94.    Defendants subjected Plaintiff Galbreath to hostile work environment with intolerable work conditions that interfered with her ability to perform her job.

95.    As a result of the defendants' acts and conduct, Plaintiff Galbreath suffered harm and losses.

96.     Plaintiff Galbreath timely filed administrative charges of discrimination and exhausted her administrative remedies under the law.  See EEOC Notice of Rights at Exhibit A.

**CLAIMS OF NICOLE VASQUEZ:**

97.     Plaintiff Nicole Vasquez is a Hispanic Female with ancestors from Puerto Rico.

98.     Plaintiff Vasquez works weekends at Lancashire Hall as a Certified Nurse Assistant since January 2009.

99.     Male co-worker Teddy Bernard likewise sexually harassed Plaintiff Vasquez.

> a.     Since his date of hire 2010, Bernard stalked the plaintiff, solicited her for dates and sex, violated her personal space and subjected her to unwelcomed touching.
>
> b.     Male co-worker Bernard's conduct caused the plaintiff fear and intimidation.

100.    Plaintiff observed Bernard flirting with female co-workers, chasing after female co-workers, yelling and intimidating older female employees.  Bernard's unwelcomed conduct caused discomfort, stress and workplace hostility.

101.    Plaintiff Vasquez was likewise subjected to public racist and derogatory put-downs from White Charge Nurse Barren Geib who told Plaintiff Vasquez to "go back home" to "my people" because Black and Hispanic individuals do not speak "proper white English".

102.    Plaintiff Vasquez reported Charge Nurse Geib's conduct to the defendants pursuant to policy and procedure.  Defendants failed to investigate and failed to take effective remedial action.

103.    Defendants tolerated Male Supervisor Titus Leitoro sexual harassment towards the plaintiff and female employees.  He treated the subordinate plaintiff in a rude, demeaning and retaliatory manner because she rejected his flirtatious sexual advances and invitations for dates.

104.    Supervisor Leitoro's conduct is offensive, unwelcomde and caused the plaintiff to suffer emotional distress and interfere with her ability to perform her job.

105.    Supervisor Leitoro rewards and extends preferential treatment towards female subordinates that reciprocate his sexual advances.  He rewards them with privileges and early leave benefits.

106.    Plaintiff Vasquez reported the male supervisor's conduct to defendants pursuant to policy and procedure.  The defendants failed to take remedial action.

107.    Plaintiff Vasquez is subjected to disparate treatment, sexual harassment, hostile work environment, retaliation and unequal work conditions on the basis of her race, sex/gender and in association with female co-workers of race, color and ancestry for whom she reported discrimination and harassment complaints.

108.    Defendants discriminated against Plaintiff Vasquez and treated her differently, disparately, retaliated against her, failed to enforce published harassment and discrimination policies and subjected her to hostile work conditions.

109.    The defendants' actions were intentional, willful, reckless, malicious and outrageous.

110.    Defendants subjected Plaintiff Vasquez to hostile work environment with intolerable work conditions that interfered with her ability to perform her job and cause her emotional distress.

111.    As a result of the defendants' acts and conduct, Plaintiff Vasquez suffered harm and losses.

112.    Plaintiff Vasquez timely filed administrative charges of discrimination and exhausted her administrative remedies under the law.  See EEOC Notice of Rights at Exhibit A.

**COUNT I**

**<u>CIVIL RIGHTS ACT 1866; SECTION 1981</u>**

**Mary LaRochelle and Candice Galbreath v. WILMAC Corporation,**

**WILMAC Health Care, Inc., McWil Group Limited and Lancashire Hall**

113.    The allegations of paragraphs 1 thru 112 are incorporated by reference.

114.    The conduct by Defendants described above constitutes violations of the Civil Rights Act of 1866; Section 1981.

115.    The conduct by Defendants above was willful within the meaning of the Civil Rights Act of 1866; Section 1981.

**WHEREFORE**, Plaintiff LaRochelle and Plaintiff Galbreath respectfully request that this Honorable Court enter judgment in their favor and against Defendants WILMAC Corporation, WILMAC Health Care, Inc, McWil Group Limited and Lancashire Hall and the Court:

(A)    Award the Plaintiffs actual damages for loss of revenue, including back-pay, differential pay, future earnings and lost benefits with interest;

(B)     Award the Plaintiffs compensatory damages for distress, lost

career, embarrassment, and humiliation;

(C)     Award the Plaintiffs punitive damages;

(D)     Award the Plaintiffs costs of this action and reasonable attorney's

fees;

(E)     Award the Plaintiffs all other relief to which the Plaintiffs may

appear entitled or which the Court deems appropriate and just.


## COUNT II

### Title VII of the Civil Rights Act

**Mary LaRochelle, Sandra Riker, Emilia Shearer, Candice Galbreath and Nicole**

**Vasquez v. WILMAC Corporation, WILMAC Health Care, Inc.,**

**McWil Group Limited and Lancashire Hall**

116.    The allegations of paragraphs 1 thru 115 are incorporated by reference.

117.    The conduct by Defendants described above constitutes violations of Title

VII of the Civil Rights Act of 1964 as amended.

118.    The conduct by Defendants described above was willful within the

meaning of Title VII of the Civil Rights Act of 1964 as amended.

**WHEREFORE**, the Plaintiffs respectfully request that this Honorable Court

enter judgment in their favor and against Defendants WILMAC Corporation, WILMAC

Health Care, Inc, McWil Group Limited and Lancashire Hall and the Court:

(A)     Award Plaintiffs actual damages for loss of revenue, including

back-pay, differential pay, future earnings and lost benefits with interest;

20

(B)    Award Plaintiffs compensatory damages for distress, lost career, embarrassment, and humiliation;

(C)    Award Plaintiffs punitive damages;

(D)    Award Plaintiffs costs of this action and reasonable attorney's fees, and;

(E)    Award Plaintiffs all other relief to which the Plaintiffs may appear entitled or which the Court deems appropriate and just.

## COUNT III

### Age Discrimination in Employment Act

**Mary LaRochelle, Sandra Riker and Emilia Shearer v. WILMAC Corporation, WILMAC Health Care Inc., McWil Group Limited and Lancashire Hall**

119.    The allegations of paragraphs 1 thru 118 are incorporated by reference.

120.    The conduct by Defendants described above constitutes violations of The Age Discrimination in Employment Act as amended.

121.    The conduct by Defendants described above was willful within the meaning of The Age Discrimination in Employment Act as amended.

**WHEREFORE**, the Plaintiffs Mary LaRochelle, Sandra Riker and Emilia Shearer respectfully request that this Honorable Court enter judgment in their favor and against Defendants WILMAC Corporation, WILMAC Health Care, Inc, McWil Group Limited and Lancashire Hall and the Court:

(A)    Award Plaintiffs actual damages for loss of revenue, including back-pay, differential pay, future earnings and lost benefits with interest;

(B)    Award Plaintiffs compensatory damages for distress, lost career,

embarrassment, and humiliation;

(C)    Award Plaintiffs liquidated damages;

(D)    Award Plaintiffs costs of this action and reasonable attorney's fees,

and;

(E)    Award Plaintiffs all other relief to which the Plaintiffs may appear

entitled or which the Court deems appropriate and just.


## COUNT IV

### Americans With Disabilities Act

**Sandra Riker, Emilia Shearer and Candice Galbreath v. WILMAC Corporation,**

**WILMAC Health Care, Inc., McWil Group Limited**

**and Lancashire Hall**

122.    The allegations of paragraphs 1 thru 121 are incorporated by reference.

123.    The conduct by Defendants described above constitutes violations of the

Americans with Disabilities Act as amended.

124.    The conduct by Defendants described above was willful within the

meaning of The Americans with Disabilities Act as amended.

**WHEREFORE**, the Plaintiff Sandra Riker, Plaintiff Emilia Shearer, and Plaintiff

Candice Galbreath respectfully request that this Honorable Court enter judgment in their

favor and against Defendants WILMAC Corporation, WILMAC Health Care, Inc,

McWil Group Limited and Lancashire Hall and the Court:

(A)    Award Plaintiffs actual damages for loss of revenue, including

back-pay, differential pay, future earnings and lost benefits with interest;

(B)    Award Plaintiffs compensatory damages for distress, lost career, embarrassment, and humiliation;

(C)    Award Plaintiffs punitive damages;

(D)    Award Plaintiffs costs of this action and reasonable attorney's fees, and;

(E)    Award Plaintiffs all other relief to which the Plaintiffs may appear entitled or which the Court deems appropriate and just.

## COUNT V

### Pennsylvania Human Relations Act

**Mary LaRochelle, Sandra Riker, Emilia Shearer, Candice Galbreath and Nicole Vasquez v. WILMAC Corporation, WILMAC Health Care, Inc.,**

**McWil Group Limited and Lancashire Hall**

125.    The allegations of paragraphs 1 thru 124 are incorporated by reference.

126.    The conduct by Defendants described above constitute violations of the Pennsylvania Human Relations Act.

127.    The conduct by Defendants described above was willful within the meaning of the Pennsylvania Human Relations Act.

**WHEREFORE**, the Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants WILMAC Corporation, WILMAC Health Care, Inc, McWil Group Limited and Lancashire Hall and the Court:

(A)    Award Plaintiffs actual damages for loss of revenue, including

back-pay, differential pay, future earnings and lost benefits with interest;

(B)     Award Plaintiffs compensatory damages for distress, lost career, embarrassment, and humiliation;

(C)     Award Plaintiffs costs of this action and reasonable attorney's fees, and;

(D)     Award Plaintiffs all other relief to which the Plaintiffs may appear entitled or which the Court deems appropriate and just.

## COUNT VI

### Wrongful Discharge

**Mary LaRochelle, Sandra Riker, Emilia Shearer, and Candice Galbreath v. WILMAC Corporation, WILMAC Health Care, Inc., McWil Group Limited and Lancashire Hall**

128.    The allegations of paragraphs 1 thru 127 are incorporated by reference.

129.    Defendants wrongfully discharged the plaintiffs from employment for engaging in protected activity.

130.    Defendants wrongfully discharged the plaintiffs from employment for reporting discrimination and sexual harassment.

131.    Defendants wrongfully discharged the plaintiffs for reporting patient abuse, patient health, safety and hygiene/infection control and misconduct towards a plaintiff.

132.    Defendants wrongfully discharged the plaintiffs for reporting work injuries and workers' compensation claims.

133.    Defendants wrongfully discharged Plaintiff Shearer for association with and for requesting medical leave to care for ill spouse.

134.    The terminations from employment violated public policy.

135.    Defendants wrongfully discharged Plaintiffs from employment.

136.    Defendants acted knowingly, recklessly, willfully, maliciously and intentionally.

137.    As a result of the defendants' conduct, Plaintiffs suffered harm and losses.

**WHEREFORE**, Plaintiffs Mary LaRochelle, Sandra Riker, Emilia Shearer and Candice Galbreath respectfully request that this Honorable Court enter judgment in their favor and against Defendants WILMAC Corporation, WILMAC Health Care, Inc, McWil Group Limited and Lancashire Hall and the Court:

(A)     Award Plaintiffs actual damages for loss of revenue, including back-pay, differential pay, future earnings and lost benefits with interest;

(B)     Award Plaintiffs compensatory damages for distress, lost career, embarrassment, and humiliation;

(C)     Award Plaintiffs punitive damages;

(D)     Award Plaintiffs costs of this action and reasonable attorney's fees, and;

(E)     Award Plaintiff all other relief to which Plaintiffs may appear entitled or which the Court deems appropriate and just.

Date: January 29, 2013                    Respectfully submitted:


                                          Nina B. Shapiro, Esquire
                                          Attorney for Plaintiffs
                                          ID # 44040
                                          53 North Duke Street, Suite 201
                                          Lancaster, PA 17602
                                          (717) 399-8720
                                          bgndbs@aol.com

EXHIBIT A

EEOC Form 161-B (10/96)

## U.S. Equal Employment Opportunity Commission

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:   Mary  LaRochelle
      2326 Fruitville Pike
      Lancaster, PA 17601

From:  Equal Employment Opportunity Commission
       Philadelphia District Office
       801 Market Street, PH Suite 1300
       Philadelphia, PA 19107-3127

*RECEIVED 9/10/12 NJS* (stamp)

[     ]   *On behalf of person(s) aggrieved whose identity is*
          *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2011-01933 | Legal Unit | (215) 440-2828 |

(See also the additional information attached to this form.)

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII or the ADA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.**  Otherwise, your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

[  X  ]   More than 180 days have passed since the filing of this charge.

[     ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[  X  ]   The EEOC is terminating its processing of this charge.

[     ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):**  You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

[  X  ]   The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost.

[     ]   The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):**  You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
Spencer H. Lewis, Jr.  District Director

9/7/12
*(Date Mailed)*

Enclosure(s)

cc:   LANCASHIRE HALL
      Nina Shapiro, Esq. (for Charging Party)
      Linda Eastep, Human Resources Division Director (for Respondent)



EEOC Form 161 (rev 2/17/08)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Candice Galbreath
P. O. Box 765
Adamstown, PA 19501

From: Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107-3127

*On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

[  ]

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2011-03658 | Legal Unit | (215) 440-2828 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[  ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[  ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[  ]  Your charge was not timely filed with EEOC.   In other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ X ]  The EEOC issues the following determination:   Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.   This does not certify that the respondent is in compliance with the statutes.   No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.   You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.   Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost.   (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):**   EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.   This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Spencer H. Lewis, Jr., District Director

8/20/12
*(Date Mailed)*

Enclosure(s)

Information Sheet

cc:  WILMAC CORPORATION
Linda Eastep, Human Resources Division Director, (for Respondent)



EEOC Form 161-B (11/09)



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Emilia Shearer<br>43 Hershey Avenue<br>Paradise, PA 17562 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2012-00251 | **Kurt Jung,**<br>**Supervisory Investigator** | **(215) 440-2617** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Spencer H. Lewis*      12/27/12

Enclosures(s)

**Spencer H. Lewis, Jr.,**
**District Director**

*(Date Mailed)*

cc:
Tonya Garcia
Director of Human Resources
LANCASHIRE HALL
2829 Lititz Pike
Lancaster, PA 17601

Nina B. Shapiro, Esq.
53 N. Duke St., Suite 201
Lancaster, PA 17602

EEOC Form 161-B (10/96)

## U.S. Equal Employment Opportunity Commission



---

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Sandra Riker<br>2324 Fruitville Pike<br>Lancaster, PA 17601 | From: Equal Employment Opportunity Commission<br>Philadelphia District Office<br>801 Market Street, PH Suite 1300<br>Philadelphia, PA 19107-3127 |

| [    ] | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR § 1601.7(a))* | |

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2011-03654 | Legal Unit | (215) 440-2828 |

(See also the additional information attached to this form.)

## NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

| [  X  ] | More than 180 days have passed since the filing of this charge. |
|---|---|
| [     ] | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge. |
| [  X  ] | The EEOC is terminating its processing of this charge. |
| [     ] | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| [  X  ] | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost. |
|---|---|
| [     ] | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosure(s)

Spencer H. Lewis, Jr. District Director

1/18/13

*(Date Mailed)*

cc:   WILMAC CORPORATION
Nina B. Shapiro, Esq. (for Charging Party)
Linda  Eastep, Human Resources Division Direc (for Respondent)

EEOC Form 161-B (10/96)

## U.S. Equal Employment Opportunity Commission



### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:   Sandra  Riker
      2324 Fruitville Pike
      Lancaster, PA 17601

From:  Equal Employment Opportunity Commission
       Philadelphia District Office
       801 Market Street, PH Suite 1300
       Philadelphia, PA 19107-3127

[       ]    *On behalf of person(s) aggrieved whose identity is*
             *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2013-00870 | Legal Unit | (215) 440-2828 |

(See also the additional information attached to this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice.  Otherwise, your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

[       ]    More than 180 days have passed since the filing of this charge.

[   X   ]    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[   X   ]    The EEOC is terminating its processing of this charge.

[       ]    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):**  You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

[   X   ]    The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost.

[       ]    The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):**  You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____              1/18/13

Enclosure(s)                    Spencer H. Lewis,  Jr.  District Director          *(Date Mailed)*

cc:   WILMAC CORPORATION
      Nina B. Shapiro, Esq. (for Charging Party)
      Linda  Eastep, Human Resources Director (for Respondent)

EEOC Form 161-B (10/96)

## U.S. Equal Employment Opportunity Commission



## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Nicole Vasquez<br>237 Fairview Avenue<br>Rohrerstown, PA 17603 | From: | Equal Employment Opportunity Commission<br>Philadelphia District Office<br>801 Market Street, PH Suite 1300<br>Philadelphia, PA 19107-3127 |
|---|---|---|---|

| [    ] | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR § 1601.7(a))* |
|---|---|

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2011-03657 | Legal Unit | (215) 440-2828 |

(See also the additional information attached to this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

| [  X  ] | More than 180 days have passed since the filing of this charge. |
|---|---|
| [    ] | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge. |
| [  X  ] | The EEOC is terminating its processing of this charge. |
| [    ] | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| [    ] | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost. |
|---|---|
| [    ] | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosure(s)

Spencer H. Lewis, Jr. District Director

1/18/13

*(Date Mailed)*

cc:   LANCASHIRE HALL

Yara Wilson, Human Resources Executive (for Respondent)
Nina Shapiro, Esq. (for Charging Party)

EXHIBIT B

PULSE Portal



# Registry Search



**DEPARTMENT OF HEALTH**

**State**   Pennsylvania
**Board**   Nurse Aide
**Inquiry Date**   05/16/2012 12:08 PM

## SHEARER, EMILIA E

**Mailing Address** PARADISE, Pennsylvania 17562

## Registrations

| Registered Nurse Aide | | | | |
| --- | --- | --- | --- | --- |
| Registration Number | Original Issue Date | Basis of Application | Effective Date | Expiration Date |
| 10009651 | 11-03-2008 | Exam | 11-03-2008 | 11-03-2012 |

This nurse aide has no substantiated findings of abuse, neglect or misappropriation of property on file with the
Pennsylvania Nurse Aide Registry.

[ Revise Inquiry ]   [ Cancel ]

Do not use your browser's back button or all your data will be lost.
You must disable your pop-up blocker to view reports, for instructions Click Here
For System related questions, Click Here
For State Licensing related questions, Click Here
Pearson VUE - (800) 852-0518

Home | Help
Terms & Conditions of Use | Privacy Policy | Download Adobe Reader
Copyright © 2005 Pearson Education, Inc. or its affiliate(s). All rights reserved.

EXHIBIT C

## Notice of Eligibility and Rights & Responsibilities (Family and Medical Leave Act)

**U.S. Department of Labor**
Employment Standards Administration
Wage and Hour Division



OMB Control Number: 1215-0181
Expires: 12/31/2011

In general, to be eligible an employee must have worked for an employer for at least 12 months, have worked at least 1,250 hours in the 12 months preceding the leave, and work at a site with at least 50 employees within 75 miles. While use of this form by employers is optional, a fully completed Form WH-381 provides employees with the information required by 29 C.F.R. § 825.300(b), which must be provided within five business days of the employee notifying the employer of the need for FMLA leave. Part B provides employees with information regarding their rights and responsibilities for taking FMLA leave, as required by 29 C.F.R. § 825.300(b), (c).

[Part A – NOTICE OF ELIGIBILITY]

TO: _Emilia Shearer_
Employee

FROM: _Megan Sheegars_
Employee Representative

DATE: _9-21-11_

On _9-21-11_, you informed us that you needed leave beginning on _____ for:

_____ The birth of a child, or placement of a child with you for adoption or foster care;

_____ Your own serious health condition;

✓ Because you are needed to care for your _____ spouse; _____ child; _____ parent due to his/her serious health condition.

_____ Because of a qualifying exigency arising out of the fact that your _____ spouse; _____ son or daughter; _____ parent is on active duty or call to active duty status in support of a contingency operation as a member of the National Guard or Reserves.

_____ Because you are the _____ spouse; _____ son or daughter; _____ parent; _____ next of kin of a covered servicemember with a serious injury or illness.

This Notice is to inform you that you:

✓ Are eligible for FMLA leave (See Part B below for Rights and Responsibilities)

_____ Are **not** eligible for FMLA leave, because (only one reason need be checked, although you may not be eligible for other reasons):

_____ You have not met the FMLA's 12-month length of service requirement. As of the first date of requested leave, you will have worked approximately ___ months towards this requirement.
_____ You have not met the FMLA's 1,250-hours-worked requirement.
_____ You do not work and/or report to a site with 50 or more employees within 75-miles.

If you have any questions, contact _Tonya Garcia_ or view the

FMLA poster located in _____.

[PART B-RIGHTS AND RESPONSIBILITIES FOR TAKING FMLA LEAVE]

As explained in Part A, you meet the eligibility requirements for taking FMLA leave and still have FMLA leave available in the applicable 12-month period. **However, in order for us to determine whether your absence qualifies as FMLA leave, you must return the following information to us by** _10-6-11_. (If a certification is requested, employers must allow at least 15 calendar days from receipt of this notice; additional time may be required in some circumstances.) If sufficient information is not provided in a timely manner, your leave may be denied.

✓ Sufficient certification to support your request for FMLA leave. A certification form that sets forth the information necessary to support your request _____ is/ ✓ is not enclosed.

_____ Sufficient documentation to establish the required relationship between you and your family member.

_____ Other information needed: _____

_____

_____

_____ No additional information requested